WINDOW ROCK DISTRICT COURT

April 18, 1983

No. WR-CV-239-82

RUTH ANN TRACEY, Plaintiff, v.

MICHAEL THOMAS HEREDIA, Defendant.

Honorable Tom Tso, Judge presiding.

The above entitled matter having come before this Court on the respondent's Motion to Quash Writ of Garnishment and to vacate judgment and upon the petitioner's Motion in Opposition thereto; and counsel for each party having submitted brief in support of their motions with both agreeing the Court can enter a decision upon the brief without an oral argument;  The Court in reviewing the case finds as follows:

1.  On August 18, 1982, the Honorable Henry Whitehair issued a stipulated judgment regarding the divorce of the partes.  Relevant provisions of the judgment state:

> "This matter having come on before the Court upon the petitioner's petition for dissolution of marriage; and it appearing to the court that both parties were represented by legal counsel; and it further appearing that the parties and their legal counsel have reached a settlement agreeable to the parties and otherwise in conformity with laws;" (Emphasis Added).

> "IT IS FURTHER ORDERED, ADJUDGED and DECREED that the respondent shall pay to the petitioner the sum of Two Hundred ($200) Dollars per month for the support and maintenance of petitioner beginning the 5th day of September, 1982 and continuing on the 5th day of each consecutive calendar month until petitioner remarries, dies, or further order of this court."

> "IT IS FURTHER ORDERED, ADJUDGED and DECREED that this court shall retain continuing jurisdiction over this proceeding and the parties hereto."

2.  The stipulated judgment signed by the Honorable Henry Whitehair was approved as to form by Mr. Eric D. Eberhard, attorney for petitioner and James Jay Mason, attorney for respondent.

3.  On August 27, 1982, the respondent sent a letter to Mr. Eric D. Eberhard, attorney for petitioner informing him that Mr. Mason no longer represented him in his divorce or any other related legal matter.  He was also contemplating retaining another advocate or attorney.

A copy of the letter was received by this court on September 03, 1982. Within the same letter the defendant informed Mr. Eric D. Eberhard that he did not concur with the stipulated judgment and was unaware of what Mr. Mason, his former attorney agreed to.

4. On September 09, 1982, Mr. Mason filed a Motion to Withdraw as counsel of record for respondent on the grounds that the services for which he was retained had been completed, and at the request of respondent. The court granted the motion on same date.

5. On September 20, 1982, the petitioner filed a motion for an Order to Show Cause alleging that respondent failed to fulfill certain provisions of the stipulated judgment.

6. On September 22, 1982, the respondent, pro se, filed a handwritten response to the petitioner's Motion to Show Cause. Respondent prayed that the court not issue any order until the validity of the stipulated judgment is determined by the court.

7. On September 22, 1982, the respondent filed a Memorandum of Points - Motion to Reopen Divorce Proceedings. In that document, the respondent alleges that he was seriously misrepresented by Mr. Mason in that Mr. Mason made certain agreements without his knowledge, and as a result the respondent lodged a complaint about Mr. Mason's conduct to the Disciplinary Board of the State of New Mexico. The respondent prayed that the court reopen the divorce proceedings. In essence the respondent's Motion to Reopen Divorce Proceedings is a supplement to his response to the petitioner's Motion for Show Cause.

8. The petitioner's Motion for an Order to Show Cause and the respondent's answer thereto were scheduled to be heard on November 08, 1982 at 8:30 a.m.

9. The Order to Show Cause to the respondent was issued on September 28, 1982. The respondent was served with a copy of the Order to Show Cause through certified mail, and he acknowledged receipt on October 14, 1982.

10. Respondent failed to appear for the Order to Show Cause on November 08, 1982. Consequently the court issued an order based on the testimony and evidence presented by the petitioner. The answer submitted by respondent was not considered since he failed to appear to pursue his case. The order issued from the bench on November 08, 1982 was reduced to writing and signed on November 09, 1982.

11. On November 09, 1982, the court received a note from the respondent dated October 08, 1982. The court has problem understanding the contents of the note, however it seems to indicate that the respondent chose not to appear for the hearing on the Order to Show Cause. The relevant part of the note states:

"Being aware of related consequence of non-appearance in the Honorable Court of the Navajo Nation, my restraint is out of fear and guarantee of equal protection. Relinquishment from the court is not based on contempt but skepticism."

Based on the respondent's note he was aware, among other things that if he failed to appear from trial to pursue his case, the court cannot consider his allegation, which needs to be proven by him by the propondence of the evidence. Respondent chose not to pursue his case.

12. On November 09, 1982, the respondent through his new attorney again filed a Motion to Quash Writ of Garnishment and to vacate judgment. Approximately two months later (February 18, 1983), the respondent finally filed a brief in support of his motion.

14. On January 05, 1983, petitioner filed her motion and brief in opposition to respondent motion to quash writ of garnishment and vacate judgment.

15. Around the early part of March, 1983, the petitioner filed another brief in support of her motion through her new attorney.

16. On March 22, 1983, the respondent filed a response to petitioner's motion.

17. It appears to the court that the respondent's complaint on his former attorney's alleged misconduct was dismissed by the Disciplinary Board of the State of New Mexico for a lack of supporting evidence after investigation (see attached).

## ISSUES

The issues which must be decided by the court are as follows:

1. DID THE DISTRICT COURT ERR WHEN IT ISSUED A WRIT OF GARNISHMENT?

2. DOES THIS COURT HAVE THIS AUTHORITY TO SET ASIDE AND VACATE THE STIPULATED JUDGMENT WHEN SUBSTANTIAL JUSTICE WILL BE SERVED?

## OPINION

### ISSUE ONE

The respondent's basic argument is that the writ of garnishment is an extraordinary writ which must be specially authorized by legislation enactment of the Navajo Tribal Council, and presently the Navajo Tribal Code and policy does not provide or allow garnishment.

The respondent in support of his arugment cites <u>Tom S. Joe v. Honorable Ray Marcum, et.al.</u>, United States Court of Appeals, Tenth Circuit, (1980) 621 Fd2, 358-363. The respondent argues that in that case, the Tribe represented to the court that the Navajo Tribe do not permit enforcement of judgment by garnishment of wages.

The respondent further argues that courts of general jurisdiction such as the District Courts of the Navajo Nation are without authority to proceed in garnishment and the power to do so rests upon express statutory authority.

The respondents concludes the Navajo Tribe Code does not specifically authorize the Navajo District Court to issue writ of garnishment, therefore this court erred in issuing such a writ.

The petitioner argues the District Court did not err and his authority to issue writ of garnishment pursuant to 7 NTC Sec. 255, Rule 23, Rules of Navajo Civil Procedure, Rule 13, Rules of Navajo Rules of Civil Procedures and further cites <u>In the Matter of the Interest of Emerson Daniel Tsosie, et.al.</u>, No. CH-CV-205-81, (1982) Navajo Law Journal, 002015. (Chinle District Court).

The issue of whether or not the Navajo Tribal Code provides

explicit authorization for the District Court to issue a writ of garnishment in aid of the exercise of its jurisdiction has been raised both in the Chinle District Court and the Window Rock District Court. According to this court's knowledge there is no appellate decision on this issue.

The Chinle District Court in its <u>Tsosie</u> decision concluded that 7 NTC 705, and 7 NTC Sec. 255, coupled with Rule 13 and 23, Rules of the Navajo Civil Procedure gives the Navajo District Court the full authority to create a plastic remedy, appropriate to the enforcement of its judgment. The court further found that the law of the Navajo Nation is determined to permit garnishment or other orders to satisfy judgments from the wages owing to judgment debtors.

The <u>Tsosie</u> decision was based upon the court's rulings upon a petition for a writ of garnishment to obtain payroll deductions for child support from the wages of the father, who was employed by the Bureau of Indian Affairs. The order required a deduction of $300.00 per month from the father's wages "until further order of the court."

The Window Rock District Court in rulings on a similar issue in the case of <u>Foster v. Lee</u>, WR-CV-558-81 (Window Rock District Court, March 08, 1982) adopted almost verbatim the <u>Tsosie</u> decision and rules that 7 NTC Sec. 705 and 7 NTC Sec. 255 coupled with 13 and 23, Rules of Navajo Civil Procedures gives the Navajo District Court full authority to create a plastic remedy, appropriate to the enforcement of its judgment.

The decision in <u>Foster v. Lee</u> derived from the court's ruling on a petition for a writ of garnishment to obtain payroll deduction for child support from wages earned by defendant Lee, an employee of Navajo Tribal Utility Authority. Said order required a deduction of Two Hundred Fifty ($250.00) Dollars from each payroll check of defendant.

In the instant case the order directing wage garnishment requires deduction from the respondent's bi-weekly salary the sum of Four Hundred ($400) Dollars for a total deduction of Eight Hundreds ($800) Dollars per month. The garnished wage is applied first to the payment of One Hundred ($100) Dollars arrearage in child support and a Six Hundred ($600) Dollars arrearage in alimony; next to the regular payment of child support in the amount of Two Hundred ($200) Dollars per month; next to the payment of all debts imposed upon the respondent by the stipulated judgment entered on August 18, 1982; and finally to the petitioner's cost and attorneys fees incurred in the approximate amount of One Thousand Five Hundred (1,500) Dollars.

The court in this case will adopt the analysis and rulings in the <u>Tsosie</u> case and <u>Foster v. Lee</u>, and again rule that pursuant to 7 NTC Sec. 705 and 7 NTC Sec. 255 coupled with Rule 23, Rules of Navajo Civil Procedure, garnishment is permitted. This court has the full authority to issue writ of garnishment, and its doing so is not an error.

Therefore, the order directing wage garnishment, dated November 09, 1982 is valid and regular on its face and it does conform with the laws of the Navajo Nation.

## ISSUE TWO

The respondent argues that this court has the power to vacate a judgment when it appears that substantial justice requires that a judg-

ment be vacated. The respondent claims that he was denied justice when his attorney, without his knowledge or consent, signed a stipulated judgment which granted the petitioner's alimony which respondent contends is not supported by evidence.

Respondent in support of his agreement cites, 1 B Moore's Federal Practice, Sec. 0.405(3), at 632 (2d. Ed. 1982); and Rule 60, New Mexico Supreme Court Rules.

The petitioner contends that Rule 23, Navajo Rules of Civil Procedures, sets forth three grounds for reopening a case after a final order or judgment; (1) to correct error, (2) to consider nearly discovered evidence, (3) for any other reason consistent with justice.

Without having to go through a lengthly analysis on the issue, the Court agrees that it has power pursuant to Rule 23, Rules of Navajo Civil Procedure to order any relief required after the determination of the facts, and law, whether such relief be equitable or legal in nature.

The respondent's complaint to the court is not based on any error on the part of the court but solely on the alleged misconduct of his former attorney. The evidence received at the hearing on November 08, 1982 shows that respondent actively participated in the negotiation which led to the stipulated judgment. Negotiations were only entered into at the insistence of the respondent. Mr. Heredia voluntarily choose not to appear for that hearing and there was no way for the court to receive testimony or other evidence from him regarding his claim and for that reason it was not considered. In a civil action the burden of proof rests on the moving party to prove his claim by the propondence of the evidence.

The respondent voluntarily choose his attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." Smith v. Ayer, 101 U.S. 320, 236, 25 L.Ed. 955, 958.

The respondent being aware of the consequences of non-appearance in court decided not to appear and therefore waived his claim that the court should vacate the stipulated judgment based on the conduct of his attorney.

The respondent has array of remedies available to him before the bar which respondent showed he was aware of, by lodging a complaint with the Disciplinary Board of the State of New Mexico. The respondent has two primary complaints (1) attorney fees and (2) the matter of Mr. Mason persuading him to agree to certain matters. The two major complaints were clearly explained to the respondent and the matter before the Disciplinary Board was dropped as there was no evidence to support the charge.

If the respondent has not been afforded a fair hearing then it occurred solely at his own election. The court scheduled a hearing to hear his case on November 08, 1982 and as far as this court is concerned the respondent was afforded a fair hearing which respondent intentionally waived.

Therefore it is the ruling of this court that it has authority to set aside and vacate the stipulated judgment where substantial justice

▬▬▬▬▬▬▬

will be served. However the findings and opinion of this court in the instant case is that the judgment is not one which should be reopened.

## ORDER

Upon the foregoing opinion this court makes its orders as follows:

1. The Stipulated Judgment dated August 18, 1982 will remain in full force and effect;

2. The order directing garnishment dated November 09, 1982 will remain in full force and effect;

3. The Justice Department of the Navajo Nation is directed to initiate an extradition proceeding to extradite respondent from the City of Gallup, State of New Mexico to the Navajo Nation to start serving the sentence imposed upon him as a result of the contempt charges and caused a warrant of arrest to be issued; and

4. IT IS FURTHER ORDERED that the Justice Department of the Navajo Nation will initiate extradition and arrest proceedings immediately.

SO ORDERED.